IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



REGETHER M. PAIR,

    Plaintiff,

v.                              Civil Action No. 3:10cv388

WELCO-CGI GAS
TECHNOLOGIES, LLC,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION TO REMAND TO STATE COURT (Docket No. 3) filed by the plaintiff. For the reasons set forth below, the motion will be denied.

### BACKGROUND

On May 31, 2007, Regether M. Pair was involved in a motor vehicle accident on Commerce Court Road in the City of Richmond, Virginia. She alleges that a commercial truck driven by Dennis K. Schaeffer, struck her vehicle when Schaeffer attempted to make a left turn into Pair's lane.

At the time of the accident, Schaeffer was employed by GT&S, Inc. The defendants are Schaeffer, GT&S, Inc., Welco-CGI Gas Technologies, and Praxair Distribution. Pair filed her original complaint on May 20, 2009 in the Circuit Court for the City of Richmond, eleven days before the two year statute of limitations was to expire. The Complaint reflected a diversity of citizenship and sought damages sufficient to permit the exercise of diversity

jurisdiction. However, Pair never served the Complaint on any defendant. Instead, approximately one year later, Pair sought, and was granted, leave to file an Amended Complaint pursuant to which she increased the *ad damnum*. That motion was granted on May 10, 2010 and, on May 13, 2010, Pair served the Amended Complaint on the corporate defendants and on Schaeffer on May 27, 2010. The defendants removed this action to this Court on June 8, 2010, less than thirty days after they were served for the first time.

Plaintiff filed the MOTION TO REMAND TO STATE COURT, basing the requested remand on the assertion that, under Rule 3:2 of the Rules of the Supreme Court of Virginia, an action is commenced by filing a complaint in the Clerk's Office and that, thereupon, the action is instituted and pending as to all parties defendant. From that point of departure, Pair asserts that the removal occurred more than one year after commencement of the action, <u>i.e.</u> the date on which the original unserved Complaint was filed. For that reason, Pair contends that removal was untimely under 28 U.S.C. 1446(b).

## DISCUSSION

Removal of an action from state to federal court is permitted by 28 U.S.C. § 1441(a) which provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2

The burden of establishing federal jurisdiction is on the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). It is also well-settled that the removal statute is to be strictly construed because removal infringes on state jurisdiction. See Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005). Under 28 U.S.C. § 1446(b), the removing party must file a notice of removal "within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief."

The second paragraph of § 1446(b) addresses the time for removal if a state court action is not removable when it is first filed. That paragraph reads:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Without doubt, the notice of removal here was filed more than one year after Pair filed her original Complaint. It is undisputed that the original Complaint disclosed diversity jurisdiction as to citizenship and as to the amount in controversy. It is also undisputed that Pair never served the original Complaint. Likewise, it is undisputed that the notice of removal was filed less than thirty days after the plaintiff served with the defendants with the Amended Complaint.

3

## DISCUSSION

There are two issues presented by the motion. The first issue is whether the last clause (the "one year provision") of the second paragraph of § 1446(b) bars removal. Second, the defendant raises the fundamental question whether, by delaying the service of an action beyond the one year period, a plaintiff can foreclose the right of a defendant to remove. Each issue will be discussed in turn.

### 1. The Meaning of 28 U.S.C. § 1446(b): the One Year Provision

Pair's argument goes like this. Commencement of an action in state court is governed by Rule 3:2 of the Rules of the Supreme Court of Virginia. That rule provides that a civil action is commenced by filing a Complaint in the Clerk's Office at which time the action is instituted and pending. That much is true. The next component of Pair's argument is that the notice of removal was filed more than one year after the action was commenced (the date when the original, but never served, Complaint was filed) and that, therefore, the case was improperly removed. The only citation offered to support the argument is: "See 28 U.S.C. 1446(b)."[1]

However, the beginning point of the analysis of the statutory issue is the statutory text itself. The second paragraph of § 1446(b) ("the second paragraph") is one, quite long, sentence. The

---

[1] No decisional law is cited in the opening brief. However, in the reply brief, Pair relies on the decision in <u>Lovern v. General Motors Corp.</u>, 121 F.3d 160 (4th Cir. 1997). As will be discussed later, <u>Lovern</u> does not support Pair's theory.

second paragraph addresses itself to cases in which the initial pleading is not removable. The text of the second paragraph begins by stating that: "[i]f the case stated by the initial pleading is not removable. . . ." The second paragraph then goes on to permit the filing of a notice of removal. As to the timing of that removal, the text of the second paragraph permits removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, Order, or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ."

The second paragraph concludes with an exception which provides that: "except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title [the diversity provision] more than 1 year after commencement of the action." The "one year provision" is in the last clause of the second paragraph, the first clause of which makes clear that the topic of the entire sentence is the timing of removal in cases in which the initial pleading is not on its face removable. The second paragraph does not mention the time for removal of cases in which the initial pleading discloses a basis for removal. Therefore, the plain meaning of the statute on which Pair bases her argument for remand actually counsels the opposite result.

That interpretation of the statute recently was recited in King v. Flinn & Dreffein Eng'r Co., 675 F.Supp.2d 642 (W.D. Va. 2009). In discussing its interpretation of the second paragraph, the court, in King, cited decisions by the Fifth, Sixth, Seventh,

5

Eighth, Ninth and Eleventh Circuits which reached the same conclusion. All of those decisions are well-reasoned. Moreover, they are completely consistent with the text of the second paragraph.

Pair relies on the Fourth Circuit's decision in <u>Lovern v. General Motors Corp.</u>, 121 F.3d 160 (4th Cir. 1997) to support her argument. In particular, Pair relies upon the following quotation from <u>Lovern</u>: "finally, the section [§ 1446(b)] provides that diversity cases must in any event be removed not more than one year after 'commencement of the action.'" <u>Id.</u> at 162. That broad statement is *dicta* insofar as this case is concerned because, in <u>Lovern</u>, the initial pleading "offered no indication of Lovern's citizenship." <u>Id.</u> at 161. In other words, <u>Lovern</u> dealt with a situation which clearly is contemplated by the second paragraph of § 1446(b): a case in which the initial pleading does not disclose the removability of the action. Therefore, <u>Lovern</u> simply is not applicable to the facts of this case.

If ever there was doubt as to that issue, the Supreme Court of the United States eliminated it in <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999) wherein the Supreme Court held that the time for removal was triggered by service of process which, in this case, occurred less than thirty days before removal. Of course, it is undisputed that the original Complaint (which, on its face, recited the presence of diversity jurisdiction) was never served; and thus, under <u>Murphy Bros.</u>, it could not trigger the time

6

for removal. It is likewise undisputed that removal occurred within a timely fashion after the Amended Complaint was served.

2.  **Whether a Plaintiff, by Delaying the Service of an Action Beyond the One Year Period, Can Foreclose the Right of the Defendant to Remove**

As a consequence of the decision in Murphy Bros., the decision in King (and the several courts of appeals decisions therein cited), and the decision reached in the preceding section, it is perhaps unnecessary even to salute this issue. However, the question was quite clearly resolved in Sheppard v. Wire Rope Corp., 777 F.Supp. 1285 (E.D. Va. 1991) and in Saunders v. Wire Rope Corp., 777 F.Supp. 1281 (E.D. Va. 1991). As in King, the decisions in Sheppard and Saunders both reach the conclusion that the second paragraph in § 1446(b) was procedural rather than jurisdictional. Thus, even if the second paragraph applied here (which it does not), the requirements of the statute can be waived if a plaintiff acts improperly in an effort to defeat a defendant's right of removal. In Sheppard, the Court made the following instructive observation:

> The plaintiffs, by failing to serve the defendants and thereby move the case along, have earned the distinction of having devised a game plan for circumventing removal. A resident plaintiff, who desires to pin down a nonresident corporate defendant in state court, merely must delay service of process by so directing the court clerk until nearly a year has expired. In such manner, the nonresident defendant could be totally deprived of its historical right to removal, although no substantial progress in state court had been made. Litigation is not intended to be a game of chess.

Sheppard v. Wire Rope Corp., 777 at 1288. Sheppard was correctly decided and, because the decision in Murphy Bros. makes quite clear that the time for removal does not begin until service is obtained, that decision underscores the validity of the principles upon which Sheppard and Saunders were decided.

## CONCLUSION

For the foregoing reasons, the MOTION TO REMAND TO STATE COURT (Docket No. 3) is without merit and will be denied.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 19, 2010

8